**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
        jsmith@bursor.com
        ykrivoshey@bursor.com
        treyda@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone: (619)272-7014
Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CESARINI on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Michael Cesarini ("Plaintiff") brings this action on behalf of himself and all others similarly situated against The Clorox Company and The Burt's Bees Products Company (otherwise referred to as "Defendants").  Plaintiff makes the following allegations based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## INTRODUCTION

1.     This is a class action lawsuit against Defendants The Clorox Company and The Burt's Bees Products Company for selling their Güd brand products as "natural" when, in fact, they contain unnatural or synthetic ingredients.

2.     The Clorox Company is an American worldwide manufacturer and marketer of consumer and professional products with approximately 8,100 employees worldwide as of June 30, 2017.  The Clorox Company is an American company based in Oakland, California, and it is publicly traded on the New York Stock Exchange.  The Clorox Company states on its website: "Our reach is global, our brands beloved. We've come a long way since 1913 when bleach was our only product. Today, our global portfolio is made up of diverse brands sold in more than 100 countries in nearly every region of the world. We have products that help kill germs at home or in healthcare settings, clean the toughest messes, make clothes whiter or brighter, filter water so that it's healthier and tastes better, offer high-quality natural options for personal care, manage kitchen and outdoor trash and help improve digestive health, among lots of other benefits. It's through our brands that we're able to stay committed to our mission of making everyday life better, every day."

3.     The Burt's Bees Products Company was created in 1984.  The Burt's Bees Product Company states on its website:  "Your skin is beautifully alive. It's a living, breathing thing—your body's largest, loveliest organ—and when it's healthy, it shows. Just as the right mix of foods from the earth nourish your body, the right mix of ingredients from the earth help nourish your skin, giving it a fresh vitality that comes from balance. From the care taken in selecting each ingredient, to the feeling you get from using them, our formulas nurture the life of your skin. We harness the power of nature to help your skin work beautifully." In addition, The Burt's Bees Products Company further

represents on its website that "Most companies look out for the bottom line. We do, too. In fact, we have a triple bottom line: people, profit, planet. You can't have one without the other two. So when we look after our own, we mean everybody: our employees, our customers, our families, ourselves. And yes, our environment, too. Our ingredients—right down to the packaging—are simple, natural, and responsible. We practice what we preach—and we hope to set the example for others to follow."

4.     Among other purportedly "natural" products, Defendants manufacture, distribute, advertise and sell Güd Vanilla Flame Natural Hand Cream; Güd Orange Petalooza Natural Hand Cream; Güd Floral Cherrynova Natural Hand Cream; Güd Vanilla Flame Natural Foaming Hand Wash; Güd Orange Petalooza Natural Foaming Hand Wash; Güd Floral Cherrynova Natural Foaming Hand Wash; Güd Pearanormal Activity Natural Foaming Hand Wash; Güd Vanilla Flame Natural Body Wash; Güd Orange Petalooza Natural Body Wash; Güd Floral Cherrynova Natural Body Wash; Güd Red Ruby Groovy Natural Body Wash; Güd Mango Moonbreeze Natural Body Wash; Güd Pearanormal Activity Natural Body Wash; Güd Vanilla Flame Natural Body Lotion; Güd Orange Petalooza Natural Body Lotion; Güd Floral Cherrynova Natural Body Lotion; Güd Red Ruby Groovy Natural Body Lotion; Güd Mango Moonbreeze Natural Body Lotion; Güd Pearanormal Activity Natural Body Lotion; Güd Vanilla Flame Natural Body Butter; Güd Orange Petalooza Natural Body Butter; Güd Floral Cherrynova Natural Body Butter; Güd Pearanormal Activity Natural Body Butter; Güd Vanilla Flame Natural Shampoo; Güd Orange Petalooza Natural Shampoo; Güd Floral Cherrynova Natural Shampoo; Güd Red Ruby Groovy Natural Shampoo; Güd Pearanormal Activity Natural Shampoo; Güd Vanilla Flame Natural Softening Conditioner; Güd Orange Petalooza Natural Softening Conditioner; Güd Floral Cherrynova Natural Softening Conditioner; Güd Red Ruby Groovy Natural Softening Conditioner; Güd Pearanormal Activity Natural Softening Conditioner; Güd Mango Moonbreeze Natural Softening Conditioner; Güd Vanilla Flame Natural Body Mist; Güd Orange Petalooza Natural Body Mist; Güd Floral Cherrynova Natural Body Mist;  Güd Pearanormal Activity Natural Body Mist (collectively referred to as the "Products").

5.      To reinforce the message that the Products are natural products, the front packaging of every Product displays pictures of leaves and flowers and contains the word "natural" prominently displayed.

6.      Contrary to the labeling, however, the Products contain numerous unnatural and synthetic ingredients.  For instance, the each of the Products contain most, if not all, of the following unnatural and synthetic ingredients:

    a.  Phenoxyethanol

    b.  Polysorbate 20

    c.  Xanthan Gum

    d.  Potassium sorbate

    e.  Zinc oxide

    f.  Glyceryl stearate

    g.  Coco-glucoside

    h.  Citric acid

7.      Plaintiff and members of the classes described below paid a premium for Defendants' Products over comparable products that did not purport to be natural products.  Contrary to representations on the Products' labeling, instead of receiving natural products, consumers received products with unnatural and/or synthetic ingredients.

8.      Defendants' representation that the Products are "natural" is unfair, unlawful, and fraudulent conduct, and is likely to deceive members of the public.  As such, Defendants' practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"). Plaintiff also brings claims for fraud, unjust enrichment and breach of express warranty.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over Defendants.  Defendants purposefully avail themselves of the California consumer market and distributes the Products to hundreds of

locations within this County and thousands of retail locations throughout California, where the Products are purchased by thousands of consumers every day.  Moreover, both of the Defendants are headquartered in Oakland, California,

10.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

11.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District.

## **PARTIES**

12.     Plaintiff Michael Cesarini is a citizen of California, residing in Orange County, California.  In the last approximately 3 years, Mr. Cesarini made several purchases of Defendants' Products from various stores in, near, and around the Orange County area.  Prior to purchasing the Products, Mr. Cesarini saw and read the front of the product packaging, and relied on the representation and warranty that the product would be "natural." Mr. Cesarini understood these representations to mean that the Products did not contain synthetic chemicals.  Mr. Cesarini purchased the Products at a substantial price premium, and would not have bought the product had he known that the labeling she relied on was false, misleading, deceptive and unfair.

13.     Defendants' misrepresentation that the Products were natural was an immediate cause of Plaintiff's decision to purchase the Products.  Plaintiff would not have agreed to purchase the Products, or would have sought materially different terms, had he known that the natural

representation was false and misleading.  Accordingly, Defendants' misrepresentation that the products were natural played a substantial part, and so had been a substantial factor in, Plaintiff's decision to purchase the Products.

14.     Mr. Cesarini wants to purchase Defendants' "natural" products in the future because he believes that natural products are safer and better for his skin.  Mr. Cesarini regularly visits stores where Defendants' products have been sold.  However, he is not familiar with all ingredients that cosmetic companies may use in their products, and so he cannot be certain that Defendants' "natural" representations are true if he sees the products on the store shelves.  Moreover, the fact that Mr. Cesarini now knows that phenoxyethanol and the other challenged ingredients are synthetic does not mean that he can simply look at Defendants' labeling to determine whether its natural labeling is accurate.  Companies sometimes substitute one artificial ingredient for another, particularly when there is bad press about the ingredient.  After the harmful effects of phenoxyethanol were publicized, for example, some companies replaced it with other synthetic ingredients.

15.     Defendant, The Clorox Company is a Delaware Corporation that has its principal place of business is located at 1221 Broadway, Oakland, California 92612.  The Clorox Company purchased The Burt's Bees Company in or about 2007.  Defendant, The Burt's Bees Products Company is a subsidiary of The Clorox Company and its primary place of business is located at 1221 Broadway, Oakland, California 92612.

16.     Defendants produce, market and distribute the Products and Defendants knew that the labeling of the Products is false and misleading to a reasonable consumer, because the Products contain phenoxyethanol, polysorbate 20, Xanthan Gum, Potassium sorbate, zinc oxide, glyceryl stearate, coco-glucoside, and citric acid, which are inconsistent with the product labeling.

## FACTS COMMON TO ALL CAUSES OF ACTION

17.     Consumers have become increasingly concerned about the effects of synthetics and chemical ingredients in cosmetic products.  As a result, consumers are willing to pay, and have

paid, a premium for products labeled "natural" over ordinary products that contain synthetic

ingredients.

18.     The FTC has warned marketers that the use of the term "natural" may be deceptive:

> Marketers that are using terms such as natural must ensure that they
> can substantiate whatever claims they are conveying to reasonable
> consumers.  If reasonable consumers could interpret a natural claim
> as representing that a product contains no artificial ingredients, then
> the marketer must be able to substantiate that fact.[1]

19.     Likewise, the Food and Drug Administration ("FDA") warns that any "natural"

labeling on cosmetic products must be "truthful and not misleading."[2]

20.     The Güd brand is manufactured and marketed by Defendants and sold in drug,

grocery, and retail stores nationwide.  On its website, Defendant, The Burt's Bees Products

Company states: "When you buy Burt's Bees® product, you can expect the scent and texture of the

best nature has to offer."

21.     The front label of every Güd brand Product states prominently in lettering the words

"Natural." The following picture displays the entire line of Products and the front label of every

Güd Product that displays the label "Natural":

---

[1] 75 Fed. Reg. 63552, 63586 (Oct. 15, 2010).
[2] FDA, Small Business & Homemade Cosmetics:  Fact Sheet, *available at*
http://www.fda.gov/Cosmetics/ResourcesForYou/Industry/ucm388736.htm#7.



22.     Based on the language that appears on the front of each Product, Plaintiff reasonably believed the Güd Products only contained natural ingredients.

23.     The phrase "Natural" is a representation to a reasonable consumer that Güd Products contain only natural ingredients.  The phrase is misleading to a reasonable consumer because Güd actually contain unnatural and synthetic ingredients.

24.     Defendants knew that consumers are willing to and did pay more for a product labeled "natural," and intended to deceive Plaintiff and putative class members by labeling Güd Products as purportedly natural products.

<u>**CLASS ALLEGATIONS**</u>

25.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Products during the class period (the "Class").  Excluded from the Class are

Defendants, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

26.     Plaintiff Cesarini also seek to represent a Subclass of all persons in California who purchased the Products during the class period (the "California Subclass").  Excluded from the California Subclass are Defendants, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

27.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class members include, but are not limited to the following:

  a.     whether Defendants misrepresented material facts concerning the Products on the label of every product;

  b.     whether Defendants' conduct was unfair and/or deceptive;

  c.     whether Defendants have been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon them by Plaintiff and the classes;

  d.     whether Defendants breached express warranties to Plaintiff and the classes;

  e.     whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

28.     Plaintiff' claims are typical of those of other class members because Plaintiff, like all members of the classes, purchased Defendants' Products bearing the natural representations and Plaintiff sustained damages from Defendants' wrongful conduct.

29.    Plaintiff will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the classes.

30.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.    The prerequisites to maintaining a class action for equitable relief are met as Defendants have acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

32.    The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class members are not parties to such actions.

**COUNT I**
**Violation Of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750,** *et seq.*
*(Injunctive Relief Only)*
*Plaintiff against Defendants*

33.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

34.    Plaintiff Cesarini brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

35.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

36.    Plaintiff Cesarini and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

37.    Plaintiff Cesarini, the other members of the California Subclass, and Defendants have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

38.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

39.     As alleged more fully above, Defendants have violated the CLRA by falsely representing to Plaintiff Cesarini and the other members of the California Subclass that the Products are "natural" when in fact they are made with synthetic ingredients.

40.     As a result of engaging in such conduct, Defendants have violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

41.     On December 20, 2017, Plaintiff Cesarini mailed a notice letter to Defendants consistent with California Civil Code § 1782(a).  The letter was sent on behalf of Plaintiff and all other persons similarly situated.

42.      Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Cesarini, on behalf of themselves and all other members of the California Subclass, seeks injunctive relief.

## COUNT II
### Violation Of California's Unfair Competition Law ("UCL"),
### California Business & Professions Code §§ 17200, *et seq.*
### *Plaintiff against Defendants*

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff Cesarini brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

45.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

46.     Defendants violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

47.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

48.     Defendants violated the "fraudulent" prong of the UCL by misrepresenting that the Products are "natural" when, in fact, they are made with synthetic ingredients.

49.     Plaintiff Cesarini and the California Subclass lost money or property as a result of Defendants' UCL violations because: because: (a) they would not have purchased the Products on the same terms if they knew that the Products were made with unnatural and synthetic ingredients (b) they paid a substantial price premium compared to other skin care and hygiene products due to Defendants' misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT III
### Violation Of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq.*
### *Plaintiff against Defendants*

50.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51.     Plaintiff Cesarini brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

52.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

53.     Defendants committed acts of false advertising, as defined by §§17500, *et seq.*, by misrepresenting that the Products are "natural" when they are not.

54.     Defendants knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading.

55.     Defendants' actions in violation of §§ 17500, *et seq*. were false and misleading such that the general public is and was likely to be deceived.  Plaintiff Cesarini and the California Subclass lost money or property as a result of Defendants' FAL violations because: (a) they would not have purchased the Products on the same terms if they knew that the Products were made with unnatural and synthetic ingredients; (b) they paid a substantial price premium compared to other skin care and hygiene products due to Defendants' misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

**COUNT IV**
**Breach of Express Warranty**
***Plaintiff against Defendants***

56.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendants.

58.     Defendants, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products are "natural."

59.     Defendants' express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Products, became part of the basis of the bargain between Defendants and Plaintiff and the Class, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

60.     The Products do not conform to the express warranty because they contain ingredients that are unnatural and synthetic.

61.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products' unnatural ingredients; (b)

they paid a substantial price premium based on Defendants' express warranties; and (c) the

Products do not have the characteristics, uses, or benefits as promised.

62.     On December 20, 2017, Plaintiff Cesarini mailed a notice letter to Defendants

consistent with Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A). The letter was sent on

behalf of Cesarini and all other persons similarly situated.

## COUNT V
### Unjust Enrichment
### *Plaintiff against Defendants*

63.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

paragraphs of this complaint.

64.     Plaintiff brings this claim individually and on behalf of the proposed Class,

California Subclass against Defendants.

65.     Plaintiff and class members conferred benefits on Defendants by purchasing the

Products.

66.     Defendants have been unjustly enriched in retaining the revenues derived from

Plaintiff' and class members' purchases of the Products.  Retention of those monies under these

circumstances is unjust and inequitable because of Defendants' misrepresentations about the

Products, which caused injuries to Plaintiff and members of the classes because they would not

have purchased the Products if the true facts had been known.

67.     Because Defendants' retention of the non-gratuitous benefits conferred on it by

Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff

and Class members for their unjust enrichment, as ordered by the Court.

## COUNT VI
### Fraud
### *Plaintiff against Defendants*

68.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

paragraphs of this complaint.

69.     Plaintiff brings this claim individually and on behalf of the proposed Class,

California Subclass against Defendants.

70.     As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information about the Products by representing that they are "natural." Defendants made that misrepresentation knowing it was false.

71.     Defendants' misrepresentations, upon which Plaintiff and class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and class members to purchase the Products.

72.     Defendants' fraudulent actions harmed Plaintiff and class members, who are entitled to damages and other legal and equitable relief as a result.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment on behalf of themselves and members of the Class, California Subclass as follows:

A.     For an order certifying the nationwide Class and California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as Class and Subclass representatives; and naming Plaintiff' attorneys as Class Counsel representing the Class and Subclass members;

B.     For an order finding in favor of Plaintiff, the nationwide Class and the California Subclass on all counts asserted herein;

C.     For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D.     For injunctive relief enjoining the illegal acts detailed herein;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For an order awarding Plaintiff their reasonable attorneys' fees and expenses and costs of suit.

### JURY TRIAL DEMANDED

Plaintiff demand a trial by jury on all claims so triable.

1   Dated: January 9, 2018                 Respectfully submitted,

2                                     **BURSOR & FISHER, P.A.**

3                                     By:      */s/ Thomas A. Reyda*

4                                          Thomas A. Reyda

5                                     L. Timothy Fisher (State Bar No. 191626)

6                                    Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)

7                                    Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940

8                                    Walnut Creek, CA  94596
Telephone: (925) 300-4455

9                                    Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com

10                                      jsmith@bursor.com

11                                      ykrivoshey@bursor.com
treyda@bursor.com

12

13  Dated: January 9, 2018                **NATHAN & ASSOCIATES, APC**

14                                     By:      */s/ Reuben D. Nathan*

15                                        Reuben D. Nathan

16                                     Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700

17                                    San Diego, California 92101
Telephone: (619)272-7014

18                                    Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

19

20                                     *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

**<u>Venue Declaration Pursuant to California Civil Code § 1780(d)</u>**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiff, and I am a partner at Bursor & Fisher.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because both of the Defendants are headquartered in this District and the misrepresentation at issue emanated from this District.  Furthermore, Plaintiff Cesarini alleges that he made several purchases of Defendants' Güd Products from various stores within this State.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on January 9, 2016 at Walnut Creek, California.

_____
            L. TIMOTHY FISHER

**EXHIBIT A**

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819

December 20, 2017

The Clorox Company
1221 Broadway Street
Oakland, California 94612

The Burt's Bees Product Company
1221 Broadway Street
Oakland, California 94612

***Via Certified Mail – Return Receipt Requested***

*Re:*   *Notice of Violations of California Civil Code Section 1782 and U.C.C§§2-313, 2-314 and other applicable laws*

Dear Sir or Madame:

**PLEASE TAKE NOTICE** that this serves as a letter demand on behalf of my client, Michael Cesarini and all similarly situated persons arising from violations of the California Consumer Legal Remedies Act, *Cal. Civil Code* § 1750, *et seq.* (the "CLRA"), including but not limited to *Civil Code* § 1770 subsections (a)(5), (7), (9), and (16); Commercial Code §§2607(3)(a), (3)(A), and U.C.C §2-314 concerning breaches of express and implied warranties, as further described herein.

You have participated in the manufacture, marketing, and sale of the following gÜd personal care products, including, but not limited to:

- gÜd Vanilla Flame Natural Hand Cream
- gÜd Orange Petalooza Natural Hand Cream
- gÜd Floral Cherrynova Natural Hand Cream
- gÜd Vanilla Flame Natural Foaming Hand Wash
- gÜd Orange Petalooza Natural Foaming Hand Wash
- gÜd Floral Cherrynova Natural Foaming Hand Wash
- gÜd Pearanormal Activity Natural Foaming Hand Wash
- gÜd Vanilla Flame Natural Body Wash
- gÜd Orange Petalooza Natural Body Wash
- gÜd Floral Cherrynova Natural Body Wash
- gÜd Red Ruby Groovy Natural Body Wash
- gÜd Mango Moonbreeze Natural Body Wash
- gÜd Pearanormal Activity Natural Body Wash
- gÜd Vanilla Flame Natural Body Lotion

1

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819

- gÜd Orange Petalooza Natural Body Lotion
- gÜd Floral Cherrynova Natural Body Lotion
- gÜd Red Ruby Groovy Natural Body Lotion
- gÜd Mango Moonbreeze Natural Body Lotion
- gÜd Pearanormal Activity Natural Body Lotion
- gÜd Vanilla Flame Natural Body Butter
- gÜd Orange Petalooza Natural Body Butter
- gÜd Floral Cherrynova Natural Body Butter
- gÜd Pearanormal Activity Natural Body Butter
- gÜd Vanilla Flame Natural Shampoo
- gÜd Orange Petalooza Natural Shampoo
- gÜd Floral Cherrynova Natural Shampoo
- gÜd Red Ruby Groovy Natural Shampoo
- gÜd Pearanormal Activity Natural Shampoo
- gÜd Vanilla Flame Natural Softening Conditioner
- gÜd Orange Petalooza Natural Softening Conditioner
- gÜd Floral Cherrynova Natural Softening Conditioner
- gÜd Red Ruby Groovy Natural Softening Conditioner
- gÜd Pearanormal Activity Natural Softening Conditioner
- gÜd Mango Moonbreeze Natural Softening Conditioner
- gÜd Vanilla Flame Natural Body Mist
- gÜd Orange Petalooza Natural Body Mist
- gÜd Floral Cherrynova Natural Body Mist
- gÜd Pearanormal Activity Natural Body Mist

Collectively, the foregoing products (a total of 37) will be referred to herein as the "Products."

On the Products' labels, you misrepresent the Products as "natural." Specifically, the labels of the Products clearly and conspicuously state that the Products are "natural". The Products also include fruit, leaves, or other artwork, which further emphasizes that the Products are "natural." Below is a picture of the Products, which prominently displays the "natural" logo.

2

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819



These representations regarding the "natural" nature of the Products are false and misleading because the Products actually contain numerous synthetic and highly chemically processed ingredients. These ingredients include, but are not limited to the following synthetic ingredients:

- Phenoxyethanol
- Polysorbate 20
- Xanthan Gum
- Potassium Sorbate
- Zinc Oxide
- Glyceryl Stearate
- Coco-Glucoside
- Citric Acid

Mr. Cesarini, a resident of California, purchased several of the Products based on labeling stating that the Products were "natural." He would not have purchased or would

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819

have paid significantly less for the Products if the labels had not stated that the Products were natural.

Mr. Cesarini purchased the Products within the past three years on multiple occasions from retail locations in California including, CVS.  Mr. Cesarini is acting on behalf of a class defined as all persons nationwide who purchased the Products (hereafter, the "Class"). A similar class of purchasers of Aveeno "Active Naturals" was recently certified in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.,* 317 F.R.D. 374 (S.D.N.Y. 2016). Mr. Cesarini is confident that a class will be certified on similar grounds here should you fail to take corrective action set forth herein.

To cure the defects described above, we demand that you (1) cease and desist from continuing to mislabel the Products; (2) issue an immediate recall on any Products bearing misleading "natural" statements; and (3) make full restitution to all purchasers of the Products of all purchase money obtained from sales thereof.

My client, Mr. Cesarini purchased one or more of the Products based on the understanding that it was natural.  Had they known the truth about you Products, she and the class would not have purchased the Products.

Mr. Cesarini is acting on behalf of a class defined as all persons in the United States who purchased Products and is also acting on behalf of a subclass of persons who purchased the Products in the State of California.

My client and similarly situated persons paid for the Products in reliance on your representations and warranties as set forth in advertising and marketing materials and on product labels and is, therefore, an aggrieved customer.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does

not have." You have violated § 1770(a)(5) insofar as the 'natural' related claims constitute characteristics, ingredients and/or benefits that the Products do not have.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a) (7), expressly prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819

You violated § 1770(a)(7) insofar as the you Products are represented as 'natural' which constitutes a particular quality or grade, when in truth they contain artificial and/or synthetic ingredients.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as

advertised." You violated § 1770(a)(9) insofar as the Products have been advertised as 'natural' but are not advertised or sold in a manner consistent with those claims. Because you knows that the Products contain artificial and/or synthetic ingredients, you intended not to the sell them as advertised, in violation of the CLRA.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(16), expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." You have violated § 1770(a)(16) insofar as has represented that the Plaintiff and similarly situated consumers have been supplied with 'natural' products when they have not.

Mr. Cesarini and others reasonably relied on the language advertised by you in promoting, marketing, labeling and selling the Products as 'natural' before purchasing the one or more of the Products.

Mr. Cesarini and others are, therefore, the victims of a planned pattern and scheme of misleading advertising regarding the advertising, promotion, and sale of goods that violates the CLRA.

Your pattern and practice of violating the CLRA and falsely advertising constitute unfair business practices within the meaning of California Business and Professions Code § 17200 and false advertising pursuant to § 17500. Furthermore, the aforementioned conduct constitutes a violation of Cal. Com. Code § 2313(1) and 2314 and the rules regarding express and implied warranties.

Pursuant to California Commercial Code 2607(3)(A), Mr. Cesarini hereby notifies you of its breaches of warranty to Mr. Cesarini and both classes. You have breached its warranties by selling the Products that contain non-natural/synthetic ingredients.

This letter shall also serve as notice under the Magnuson-Moss Act, 15 U.S.C. 2310(e), affording you, the opportunity to cure its breaches to Mr. Cesarini and the classes.

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819

We further demand that you preserve all documents and other evidence, which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the ingredients, formula, and manufacturing process for the Products;

2. All communications with the U.S. Food and Drug Administration concerning the product development, manufacturing, marketing and sales of the Products;

3. All documents concerning the advertisement, marketing, labeling, distribution, or sale of the Products; and

4. All communications with customers concerning complaints or comments concerning the Products.

**YOU HAVE THIRTY (30) DAYS** from the date on which this notice is served upon you to correct, repair, replace, or otherwise rectify the foregoing violations as to our client and all aggrieved consumers. Our client demands that you immediately cease the unlawful business practices described herein, disgorge the profits derived from its unlawful business practice and false advertising, and make restitution to our client and all similarly situated purchasers of the Products, without limitation.

**FAILURE TO TAKE ACTION WITHIN 30 DAYS OF THE RECEIPT OF THIS NOTICE SHALL RESULT IN THE FILING OF A CIVIL LAWSUIT IN U.S. DISTRICT COURT** for damages, restitution and injunctive relief and all other appropriate relief on behalf of our client and all others similarly situated pursuant to *Cal. Civil Code* § 1780, *et seq.*, *Cal. Business and Prof. Code* §§ 17200 and 17500 and U.C.C. 2-314 for statutory damages, punitive damages, treble damages, and attorney fees and costs as authorized by law.

Any response hereto shall be provided in written format and shall be clear and understandable and mailed via certified mail to the following addresses:

REUBEN D. NATHAN
600 W BROADWAY STE 700
SAN DIEGO, CA 92101-3370

We are willing to negotiate to attempt to resolve the demands asserted in this letter. If you wish to enter into such discussions, please contact me immediately.  If I do not

6

# NATHAN & ASSOCIATES, APC

600 W. Broadway, Suite 700, San Diego, California 92101
Tel:(619)272-7014 Fax:(619)330-1819

hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation. If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents promptly.

Very truly yours,

/s/ Reuben D. Nathan
Reuben D. Nathan